IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JONATHAN BERRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:18-CV-594-WKW |
| | ) | [WO] |
| DOTHAN CITY JAIL MEDIC JESSE, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff is an inmate in the custody of the Houston County Jail in Dothan, Alabama. He files this *pro se* 42 U.S.C. § 1983 action alleging Defendants abridged rights, privileges, or immunities afforded him under the Constitution or laws of the United States. Plaintiff names as defendants Dothan City Jail Medic Jesse, Lieutenant Nelms, Dothan City Chief of Police Steven Parrish, and the City of Dothan. Plaintiff seeks damages for the alleged violations of his constitutional rights and dismissal of all fines, CRO classes, suspended sentences, and probation. Doc. 1. Upon review, the court concludes that dismissal of Plaintiff's claims against Defendants Parrish and the City of Dothan prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1] The court granted Plaintiff's motion for leave to proceed *in forma pauperis*. Doc. 3. A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## I. DISCUSSION

Plaintiff brings this § 1983 action challenging the provision of medical care afforded him at the Dothan City Jail in late February of 2018. According to the complaint, Plaintiff was treated at a free world hospital following an injury to his shoulder which occurred at the Dothan City Jail. After his return to the jail, Plaintiff complains medical staff failed to fill prescriptions written for him at the hospital, Defendants Jesse and Nelms failed to take him to follow up medical appointments, and Defendant Jesse issued unauthorized medical decisions regarding Plaintiff's medical treatment. Doc. 1.

### A. Defendant Steven Parrish

As noted, Plaintiff names the Dothan City Chief of Police—Steven Parrish—as one of the defendants. A review of the complaint reflects no allegations that Defendant Parrish was personally engaged in the alleged unconstitutional conduct about which Plaintiff complains. "[S]ection 1983 requires proof of an affirmative causal connection between the actions taken by a particular person under color of state law and the constitutional deprivation." *LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993) (internal quotation marks and citations omitted). This Circuit has held that a court properly dismisses defendants where a prisoner, other than naming the defendant in the caption, states no allegations that associate the defendants with the alleged constitutional violation. *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (*citing Pamel Corp. v. P.R. Highway Auth.*, 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.")); *see also Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (*per curiam*). Here, Plaintiff has identified no affirmative action taken by Defendant Parrish, and thus, asserts no connection between the conduct complained of and the

actions of this defendant regarding the alleged unconstitutional deprivations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp., v. Twombly*, 550 U.S. 554, 570 (2007)) ("[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

To the extent the basis for Plaintiff's claim against Defendant Parrish is that he is responsible for the conduct of his subordinates, supervisory personnel can be held liable under § 1983 for a constitutional violation of one of their subordinates via a theory of *respondeat superior* or on the basis of vicarious liability. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691-95 (1978) (doctrine of *respondeat superior* is inapplicable to § 1983 actions); *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994) (42 U.S.C. § 1983 does not allow a plaintiff to hold supervisory officials liable for the actions of their subordinates under either a theory of *respondeat superior* or vicarious liability); *see also Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (holding that a supervisory official is liable only if he "personally participate[d] in the alleged unconstitutional conduct or [if] there is a causal connection between [his] actions ... and the alleged constitutional deprivation.") Because Plaintiff fails to allege Defendant Parrish was personally involved in the constitutional violations about which he complains or a causal connection exists between his actions and the alleged constitutional violations, the complaint against this defendants is subject to dismissal on this basis as well. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B. Defendant City of Dothan**

Plaintiff names the City of Dothan as a defendant. Section 1983 imposes liability on a municipality such as the City of Dothan only if it deprives a plaintiff of rights protected by the

3

Constitution or federal law under an official municipal policy. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). Additionally, governmental entities such as the City of Dothan cannot be held liable under 42 U.S.C. § 1983 on a theory of *respondeat superior*. *Id.* at 694; *Canton v. Harris*, 489 U.S. 378, 385 (1989) ("[A] municipality can be found liable under § 1983 only where the municipality itself causes the constitutional violation at issue. *Respondeat superior* or vicarious liability will not attach under 19§83."). Nor may a county be held liable under § 1983 simply because it employs a tortfeasor. *See Monell,* 436 U.S. at 691. Other than naming the City of Dothan as defendant, Plaintiff makes no allegations against this entity. *Douglas*, 535 F.3d at 1322; *Potter*, 497 F.2d at 1207. Consequently, Plaintiff's claims against the City of Dothan are due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's complaint against Defendants Steven Parrish and the City of Dothan be DISMISSED without prejudice prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(ii);

2. Defendants Steven Parrish and the City of Dothan be DISMISSED as parties to this action; and

3. This action be referred to the undersigned for further proceedings against the remaining defendants.

It is further

ORDERED that **on or before July 31, 2018**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous,

conclusive or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 11th day of July, 2018.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE